UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER C. RIZZO,

                                  Plaintiff,

    v.                                                                                Index No.:  1:23-cv-00406

CLOVER GROUP, INC.,
CLOVER MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT WEST
CORP.,
THE CARLYLE GROUP,
CARLYLE CLOVER PARTNERS, L.P.,
CARLYLE CLOVER PARTNERS 2, L.P.,
WELLTOWER, INC.,
WELL IBIS PORTFOLIO MEMBER, LLC,
WELLCLOVER VENUTRES, LLC,
WELLCLOVER HOLDINGS, LLC,
CLOVER COMMUNITIES FUND I, L.P.,
CLOVER COMMUNITIES FUND II, L.P.,
CLOVER COMMUNITIES FUND III, L.P.,
CLOVER COMMUNITIES FUND IV, L.P.,
CLOVER COMMUNITIES FUND V, L.P.,
CLOVER COMMUNITIES FUND V, LLC,
MICHAEL L. JOSEPH,
ALLISON H. JOSEPH PENDLETON,
RICHARD A. GREENSPAN,
ROBERT D. JACK, and
EMILY BRADY,

                                  Defendants.
_____

# **ANSWER**

        Defendant Michael L. Joseph through his attorneys, Hodgson Russ LLP, for his Answer to the Plaintiff's Complaint, states:

1. As to the allegations contained in paragraph 1, states that it contains only a statement as to the alleged nature of plaintiffs' action to which no answer is required. To the extent an answer is required, denies the allegations contained in this paragraph.

2. Denies the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3, but admits Plaintiff was employed from August 1, 2022 to January 27, 2023 as Director of Development for Clover Construction Management, Inc.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5, but admits that Clover Management Inc.'s principal office is located at 348 Harris Hill Road, Buffalo, New York 14221.

6. Denies the allegations contained in paragraph 6, but admits that Clover Construction Management, Inc. is a domestic business corporation organized and existing under the laws of the State of New York with headquarters at 348 Harris Hill Road, Buffalo, New York 14221.

7. Denies the allegations contained in paragraph 7, but admits that Clover Construction Management West Corp. is a foreign business corporation with a principal office located at 348 Harris Hill Road, Buffalo, New York 14221.

8. Denies the allegations contained in paragraph 8, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding The Carlyle Group's organization, headquarters, or ownership of other entities.

9. Denies the allegations contained in paragraph 9, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners, L.P.'s organization or headquarters.

10. Denies the allegations contained in paragraph 10, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners 2, L.P.'s organization or headquarters.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12, but denies having knowledge or information sufficient to form a belief as to the truth of whether Well Ibis Portfolio Member, LLC, is an owner of Defendant WellClover Ventures, LLC.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding WellClover Holdings, LLC's organization or headquarters.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18, but admits that Clover Communities Fund IV, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

19. Denies the allegations contained in paragraph 19, but admits that Clover Communities Fund V, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

20. Denies the allegations contained in paragraph 20, but admits that Clover Communities Fund V, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

21. Denies the allegations contained in paragraph 21, but admits Michael Joseph resides in West Palm Beach, Florida.

22. Denies the allegations contained in paragraph 22, but admits Allison Joseph Pendleton resides in Buffalo, New York.

23. Denies the allegations contained in paragraph 23, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Richard Greenspan's residence.

24. Denies the allegations contained in paragraph 24, but admits Robert Jack resides in Renfrew, Pennsylvania and was Plaintiff's direct supervisor.

25. Denies the allegations contained in paragraph 25, but admits Emily Brady resides in Buffalo, New York.

26. With respect to the allegations contained in paragraph 26, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

27. With respect to the allegations contained in paragraph 27, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies having knowledge or information sufficient to form a belief as to the truth of whether all Defendants have and continue to conduct business in the Western District of New York.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32, but admits Plaintiff commenced employment on August 1, 2022 as Director of Development for Clover Construction.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff knew.

60. Denies the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's motivations.

64. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation with Jack.

67. Denies the allegations contained in paragraph 67, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation with Jack.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Jack.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83, but admits Plaintiff's termination date was January 27, 2023.

84. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, but admits Plaintiff was terminated over the phone by Defendant Jack.

85. Denies the allegations contained in paragraph 85.

86. Upon information and belief, paragraph 86 is inapplicable and requires no response, but in the event a response is deemed required, denies the allegations contained therein.

    a. Denies the allegations contained in paragraph 86(a).

    b. Denies the allegations contained in paragraph 86(b).

    c. Denies the allegations contained in paragraph 86(c).

      d.      Denies the allegations contained in paragraph 86(d).

      e.      Denies the allegations contained in paragraph 86(e).

      f.      Denies the allegations contained in paragraph 86(f).

      g.      Denies the allegations contained in paragraph 86(g).

      h.      Denies the allegations contained in paragraph 86(h), but admits Plaintiff was terminated at the end of a workweek.

      i.      Denies the allegations contained in paragraph 86(i).

## FIRST CLAIM FOR RELIEF
### Retaliation in Violation of the Fair Housing Act

87.      With regard to paragraph 87, repeats his prior responses to paragraphs 1 through 86 with the same force and effect as if herein set forth in full.

88.      Denies the allegations contained in paragraph 88.

89.      Denies the allegations contained in paragraph 89.

90.      Denies the allegations contained in paragraph 90.

91.      Denies the allegations contained in paragraph 91.

92.      Denies the allegations contained in paragraph 92.

93.      Denies the allegations contained in paragraph 93.

94.      Denies the allegations contained in paragraph 94.

95.      Denies the allegations contained in paragraph 95.

## SECOND CLAIM FOR RELIEF
**Retaliation in Violation of the New York Human Rights Law**

96. With regard to paragraph 96, repeats his prior responses to paragraphs 1 through 95 with the same force and effect as if herein set forth in full.

97. Denies the allegations contained in paragraph 97.

98. Denies the allegations contained in paragraph 98.

99. Denies the allegations contained in paragraph 99.

100. Denies the allegations contained in paragraph 100.

101. Denies the allegations contained in paragraph 101.

102. Denies the allegations contained in paragraph 102.

103. Denies the allegations contained in paragraph 103.

104. Denies the allegations contained in paragraph 104.

## THIRD CLAIM FOR RELIEF
**Discrimination**

105. Denies the allegations contained in paragraph 105.

106. Denies the allegations contained in paragraph 106.

107. Denies the allegations contained in paragraph 107.

108. Denies the allegations contained in paragraph 108.

### REQUEST FOR ATTORNEY AND EXPERT FEES AND COSTS

109. With respect to the allegations contained in paragraph 109, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

### DEMAND FOR TRIAL BY JURY

110. With respect to the allegations contained in paragraph 110, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

### DENIAL

111. Defendant denies any allegations not specifically admitted, denied, or controverted herein.

### DEFENSES

112. By asserting a defense, Defendant is not assuming any evidentiary burden of proof or production that he would otherwise not have.  Defendant reserves the right to assert further defenses as additional facts become known through the course of litigation.

### FIRST DEFENSE

113. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

114. At all pertinent times, Defendant acted in compliance with all applicable laws, regulations, and statutes.

**THIRD DEFENSE**

115. Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

116. Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

**FIFTH DEFENSE**

117. Plaintiff's claims for relief are barred because Plaintiff is not an employee of Defendant.

**SIXTH DEFENSE**

118. Plaintiff is precluded from recovering against Defendant because his Complaint is based on errors of fact and/or law.

**SEVENTH DEFENSE**

119. If Plaintiff is able to demonstrate that he has been damaged, such damages are the result of actions or omissions of persons or entities other than Defendant for whom and for which Defendant is not responsible.

**EIGHTH DEFENSE**

120. The Defendant's alleged actions were privileged, discretionary determinations made within the scope of his duties, such that he is absolutely or otherwise immune from suit or liability.

**NINTH DEFENSE**

121. The Defendant acted in the reasonable belief that his actions were in accordance with the U.S. Constitution and all other applicable law such that he enjoys immunity from suit and liability.

**TENTH DEFENSE**

122. Any action taken toward the plaintiff was taken in good faith and without malice in keeping with Defendant's supervisory authority over the Plaintiff.

**ELEVENTH DEFENSE**

123. Any action taken towards the Plaintiff was taken for legitimate non-discriminatory and non-retaliatory business reasons, and was in proper exercise of management discretion and judgment.

**TWELFTH DEFENSE**

124. Defendant does not condone or approve of unlawful discrimination, harassment, or retaliation and did not ratify any acts of unlawful discrimination, harassment, or retaliation.

**THIRTEENTH DEFENSE**

125. Plaintiff's damages, if any, were caused by his own failure to take reasonable actions to avoid or mitigate his alleged damages.

**FOURTEENTH DEFENSE**

126. Plaintiff lacks standing, among other reasons, because he alleges no harm that is individual or particular to him.

**FIFTEENTH DEFENSE**

127. Plaintiff's claims present no justiciable claim, among other reasons, because any alleged injuries to the Plaintiff are speculative and remote.

**SIXTEENTH DEFENSE**

128. Defendant did not ratify, condone, or approve of any unlawful acts alleged in the Complaint.

**SEVENTEENTH DEFENSE**

129. Any unconstitutional policy, practice, or custom alleged in the Complaint is not attributable to Defendant or any other policymaker bearing final authority.

**EIGHTEENTH DEFENSE**

130. The Court lacks personal jurisdiction over Defendant.

**NINETEENTH DEFENSE**

131. Plaintiff's claims are barred by his failure to obtain personal jurisdiction based on insufficient and/or improper service of process on Defendant.

**TWENTIETH DEFENSE**

132. The Court lacks subject matter jurisdiction over Plaintiff's claims.

**TWENTY-FIRST DEFENSE**

133. Venue is not proper in United States District Court, Western District of New York.

**TWENTY-SECOND DEFENSE**

134. The Complaint fails to name indispensable or necessary parties.

## **TWENTY-THIRD DEFENSE**

135. Defendant is not proper parties to this action.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing the Complaint, with prejudice, and an award of all appropriate fees and costs to Defendant, together with such other and further relief as the Court deems just and proper.

Dated:  Buffalo, New York
        August 7, 2023

                              **HODGSON RUSS** LLP
                              *Attorneys for Defendant*

                              By: s/ Alexandria N. Rowen
                                   Adam W. Perry
                                   Joshua I. Feinstein
                                   Alexandria N. Rowen
                              The Guaranty Building
                              140 Pearl Street
                              Suite 100
                              Buffalo, New York 14202-4040
                              Telephone: 716.848.1422

TO:  **ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS**
      *Attorneys for Plaintiff*
      Nathan D. McMurray, Esq.
      225 Broadway, Suite 225
      New York, New York 10007
      (212) 285-1400

100421.00000 Business 24091531v2