UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PETER C. RIZZO,

               Plaintiff,

     v.

Index No.: 1:23-cv-00406

CLOVER GROUP, INC.,
CLOVER MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT WEST
CORP.,
THE CARLYLE GROUP,
CARLYLE CLOVER PARTNERS, L.P.,
CARLYLE CLOVER PARTNERS 2, L.P.,
WELLTOWER, INC.,
WELL IBIS PORTFOLIO MEMBER, LLC,
WELLCLOVER VENUTRES, LLC,
WELLCLOVER HOLDINGS, LLC,
CLOVER COMMUNITIES FUND I, L.P.,
CLOVER COMMUNITIES FUND II, L.P.,
CLOVER COMMUNITIES FUND III, L.P.,
CLOVER COMMUNITIES FUND IV, L.P.,
CLOVER COMMUNITIES FUND V, L.P.,
CLOVER COMMUNITIES FUND V, LLC,
MICHAEL L. JOSEPH,
ALLISON H. JOSEPH PENDLETON,
RICHARD A. GREENSPAN,
ROBERT D. JACK, and
EMILY BRADY,

               Defendants.

---

## **ANSWER**

     Defendant Richard A. Greenspan through his attorneys, Lipsitz Green Scime Cambria

LLP, for his Answer to the Plaintiff's Complaint, answers as follows:

     1.     As to the allegations contained in paragraph 1, states that it contains only a

statement as to the alleged nature of plaintiff's action to which no answer is required.  To the

extent an answer is required, denies the allegations contained in this paragraph and puts plaintiff to his proof.

2.      Denies the allegations contained in paragraph 2.

3.      Denies the allegations contained in paragraph 3, but admits Plaintiff was employed from August 1, 2022 to January 27, 2023 as Director of Development for Clover Construction Management, Inc.

4.      Denies the allegations contained in paragraph 4.

5.      Denies the allegations contained in paragraph 5, but admits that Clover Management Inc.'s principal office is located at 348 Harris Hill Road, Buffalo, New York 14221.

6.      Denies the allegations contained in paragraph 6, but admits that Clover Construction Management, Inc. is a domestic business corporation organized and existing under the laws of the State of New York with headquarters at 348 Harris Hill Road, Buffalo, New York 14221.

7.      Denies the allegations contained in paragraph 7, but admits that Clover Construction Management West Corp. is a foreign business corporation with a principal office located at 348 Harris Hill Road, Buffalo, New York 14221.

8.      Denies the allegations contained in paragraph 8, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding The Carlyle Group's organization, headquarters, or ownership of other entities.

9.      Denies the allegations contained in paragraph 9, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners, L.P.'s organization or headquarters.

10.     Denies the allegations contained in paragraph 10, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners 2, L.P.'s organization or headquarters.

11.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Denies the allegations contained in paragraph 12, but denies having knowledge or information sufficient to form a belief as to the truth of whether Well Ibis Portfolio Member, LLC, is an owner of Defendant WellClover Ventures, LLC.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Denies the allegations contained in paragraph 14, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding WellClover Holdings, LLC's organization or headquarters.

15.     Denies the allegations contained in paragraph 15.

16.     Denies the allegations contained in paragraph 16.

17.     Denies the allegations contained in paragraph 17.

18.     Denies the allegations contained in paragraph 18, but admits that Clover Communities Fund IV, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

19.     Denies the allegations contained in paragraph 19, but admits that Clover Communities Fund V, L.P. is a limited partnership organized and existing under the laws of the State of Delaware.

20.     Denies the allegations contained in paragraph 20, but admits that Clover Communities Fund V, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

21.     Denies the allegations contained in paragraph 21, but admits this defendant believes Michael Joseph resides in West Palm Beach, Florida.

22.     Denies the allegations contained in paragraph 22, but admits this defendant believes Allison Joseph Pendleton resides in Buffalo, New York.

23.     Denies the allegations contained in paragraph 23.

24.     Denies the allegations contained in paragraph 24, but admits this defendant believes Robert Jack resides in Renfrew, Pennsylvania and was Plaintiff's direct supervisor.

25.     Denies the allegations contained in paragraph 25, but admits this defendant believes Emily Brady resides in Buffalo, New York.

26.     With respect to the allegations contained in paragraph 26, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations and plaintiff is left to his proof.

27.     With respect to the allegations contained in paragraph 27, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies having knowledge or information sufficient to form a belief as to the truth of whether all Defendants have and continue to conduct business in the Western District of New York.

28.     Denies the allegations contained in paragraph 28.

29.     Denies the allegations contained in paragraph 29.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Denies the allegations contained in paragraph 32, but admits Plaintiff commenced employment on August 1, 2022 as Director of Development for Clover Construction.

33.     Denies the allegations contained in paragraph 33.

34.     Denies the allegations contained in paragraph 34.

35.     Denies the allegations contained in paragraph 35.

36.     Denies the allegations contained in paragraph 36.

37.     Denies the allegations contained in paragraph 37.

38.     Denies the allegations contained in paragraph 38.

39.     Denies the allegations contained in paragraph 39.

40.     Denies the allegations contained in paragraph 40.

41.     Denies the allegations contained in paragraph 41.

42.     Denies the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44.

45.     Denies the allegations contained in paragraph 45.

46.     Denies the allegations contained in paragraph 46.

47.     Denies the allegations contained in paragraph 47.

48.     Denies the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49.

50.     Denies the allegations contained in paragraph 50.

51.     Denies the allegations contained in paragraph 51.

52.     Denies the allegations contained in paragraph 52.

53.     Denies the allegations contained in paragraph 53.

54.     Denies the allegations contained in paragraph 54.

55.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55.

56.     Denies knowledge of information sufficient to form a belief as to the allegations contained in paragraph 56.

57.     Denies the allegations contained in paragraph 57.

58.     Denies the allegations contained in paragraph 58.

59.     Denies the allegations contained in paragraph 59, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff knew.

60.     Denies the allegations contained in paragraph 60.

61.     Denies the allegations contained in paragraph 61, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged conversation with Brady.

62.     Denies the allegations contained in paragraph 62, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged conversation with Joseph Pendleton.

63.     Denies the allegations contained in paragraph 63, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's motivations.

64.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66.

67.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67.

68.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68.

69.     Denies knowledge or information sufficient to for a belief as to the allegations contained in paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70.

71.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 72.

73.     Denies the allegations contained in paragraph 73, but denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation with Joseph Pendleton.

74.     Denies the allegations contained in paragraph 74.

75.     Denies the allegations contained in paragraph 75.

76.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78.

79.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80.

81.     Denies the allegations contained in paragraph 81.

82.     Denies the allegations contained in paragraph 82.

83.     Denies the allegations contained in paragraph 83, but admits this defendant believes Plaintiff's termination date was January 27, 2023.

84.     Denies the allegations contained in paragraph 84, but admits this defendant believes Plaintiff was terminated over the phone by Defendant Jack.

85.     Denies the allegations contained in paragraph 85.

86.     Upon information and belief, paragraph 86 is inapplicable and requires no response, but in the event a response is deemed required, denies the allegations contained therein and Plaintiff is left to his proof.

## FIRST CLAIM FOR RELIEF
### Retaliation in Violation of the Fair Housing Act

87.     With regard to paragraph 87, repeats his prior responses to paragraphs 1 through 86 with the same force and effect as if herein set forth in full.

88.     Denies the allegations contained in paragraph 88.

89.     Denies the allegations contained in paragraph 89.

90.     Denies the allegations contained in paragraph 90.

91.     Denies the allegations contained in paragraph 91.

92.     Denies the allegations contained in paragraph 92.

93.     Denies the allegations contained in paragraph 93.

94.     Denies the allegations contained in paragraph 94.

95.     Denies the allegations contained in paragraph 95.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of the New York Human Rights Law

96.     With regard to paragraph 96, repeats his prior responses to paragraphs 1 through 95 with the same force and effect as if herein set forth in full.

97.     Denies the allegations contained in paragraph 97.

98.     Denies the allegations contained in paragraph 98.

99.     Denies the allegations contained in paragraph 99.

100.    Denies the allegations contained in paragraph 100.

101.    Denies the allegations contained in paragraph 101.

102.    Denies the allegations contained in paragraph 102.

103.    Denies the allegations contained in paragraph 103.

104.    Denies the allegations contained in paragraph 104.

## THIRD CLAIM FOR RELIEF
### Discrimination

105.    Denies the allegations contained in paragraph 105.

106.    Denies the allegations contained in paragraph 106.

107.    Denies the allegations contained in paragraph 107.

108.    Denies the allegations contained in paragraph 108.

## REQUEST FOR ATTORNEY AND EXPERT FEES AND COSTS

109.    With respect to the allegations contained in paragraph 109, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

## DEMAND FOR TRIAL BY JURY

110.    With respect to the allegations contained in paragraph 110, states that it contains legal conclusions to which no answer is required; but to the extent an answer is required, denies such allegations.

## DENIAL

111.    Defendant denies any allegations not specifically admitted, denied, or controverted herein.

## DEFENSES

112.    By asserting a defense, Defendant is not assuming any evidentiary burden of proof or production that he would otherwise not have.  Defendant reserves the right to assert further defenses as additional facts become known through the course of litigation.

## FIRST DEFENSE

113.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

114.    At all pertinent times, Defendant acted in compliance with all applicable laws, regulations, and statutes.

**THIRD DEFENSE**

115.    Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

116.    Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

**FIFTH DEFENSE**

117.    Plaintiff's claims for relief are barred because Plaintiff is not an employee of this Defendant and this Defendant did not terminate Plaintiff.

**SIXTH DEFENSE**

118.    Plaintiff is precluded from recovering against Defendant because his Complaint is based on errors of fact and/or law.

**SEVENTH DEFENSE**

119.    If Plaintiff is able to demonstrate that he has been damaged, such damages are the result of actions or omissions of persons or entities other than this Defendant for whom and for which Defendant is not responsible.

**EIGHTH DEFENSE**

120.    The Defendant's alleged actions were privileged, discretionary determinations made within the scope of his duties, such that he is absolutely or otherwise immune from suit or liability.

**NINTH DEFENSE**

121.    The Defendant acted in the reasonable belief that his actions were in accordance with the U.S. Constitution and all other applicable state and federal law such that he enjoys immunity from suit and liability.

**TENTH DEFENSE**

122.    Any action taken toward the Plaintiff was taken in good faith and without malice or animus.

**ELEVENTH DEFENSE**

123.    Any action taken towards the Plaintiff was taken for legitimate non-discriminatory and non-retaliatory business reasons, and was in proper exercise of management discretion and judgment.

**TWELFTH DEFENSE**

124.    Defendant does not condone or approve of unlawful discrimination, harassment, or retaliation and did not engage in or ratify any acts of unlawful discrimination, harassment, or retaliation.

**THIRTEENTH DEFENSE**

125.    Plaintiff's damages, if any, were caused by his own failure to take reasonable actions to avoid or mitigate his alleged damages.

**FOURTEENTH DEFENSE**

126.    Plaintiff lacks standing, among other reasons, because he alleges no harm that is individual or particular to him.

## FIFTEENTH DEFENSE

127.     Plaintiff's claims present no justiciable claim, among other reasons, because any alleged injuries to the Plaintiff are speculative and remote.

## SIXTEENTH DEFENSE

128.     Defendant did not engage in or ratify, condone, or approve of any unlawful acts alleged in the Complaint.

## SEVENTEENTH DEFENSE

129.     Any unconstitutional policy, practice, or custom alleged in the Complaint is not attributable to Defendant.

## EIGHTEENTH DEFENSE

130.     The Court lacks personal jurisdiction over Defendant.

## NINETEENTH DEFENSE

131.     Plaintiff's claims are barred by his failure to obtain personal jurisdiction based on insufficient and/or improper service of process on Defendant.

## TWENTIETH DEFENSE

132.     The Court may lack subject matter jurisdiction over Plaintiff's claims.

## TWENTY-FIRST DEFENSE

133.     Venue may not be proper in United States District Court, Western District of New York.

## TWENTY-SECOND DEFENSE

134.     The Complaint fails to name indispensable or necessary parties.

## TWENTY-THIRD DEFENSE

135.     Defendant is not proper parties to this action.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order

dismissing the Complaint, with prejudice, and an award of all appropriate fees and costs to

Defendant, together with such other and further relief as the Court deems just and proper.


Dated: Buffalo, New York
       August 9, 2023

                              **LIPSITZ GREEN SCIME CAMBRIA** LLP


                              By: s/Joseph J. Manna_____
                                    Joseph J. Manna, Esq.
                                    *Attorneys for Richard A. Greenspan*
                                    42 Delaware Avenue, Suite 120
                                    Buffalo, New York 14202
                                    (716) 849-1333
                                    jmanna@lglaw.com


TO:    **ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS**
       *Attorneys for Plaintiff*
       Nathan D. McMurray, Esq.
       225 Broadway, Suite 225
       New York, New York 10007
       (212) 285-1400

6120084v1 - 072903.0001