UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER C. RIZZO,

                                Plaintiff,

        v.                                                                          Index No.:  1:23-cv-00406

CLOVER GROUP, INC., CLOVER MANAGEMENT,
INC., CLOVER CONSTRUCTION MANAGEMENT,
INC., CLOVER CONSTRUCTION MANAGEMENT
WEST CORP., THE CARLYLE GROUP,
CARLYLE CLOVER PARTNERS, L.P.,
CARLYLE CLOVER PARTNERS 2, L.P.,
WELLTOWER, INC., WELL IBIS PORTFOLIO
MEMBER, LLC, WELLCLOVER VENUTRES, LLC,
WELLCLOVER HOLDINGS, LLC, CLOVER
COMMUNITIES FUND I, L.P., CLOVER
COMMUNITIES FUND II, L.P., CLOVER
COMMUNITIES FUND III, L.P., CLOVER
COMMUNITIES FUND IV, L.P., CLOVER
COMMUNITIES FUND V, L.P., CLOVER
COMMUNITIES FUND V, LLC, MICHAEL L.
JOSEPH, ALLISON H. JOSEPH PENDLETON,
RICHARD A. GREENSPAN,
ROBERT D. JACK, and EMILY BRADY,

                                Defendants.
_____

# REPLY MEMORANDUM OF LAW

**HODGSON RUSS LLP**
*Attorneys for Defendants*
Adam W. Perry
Joshua Feinstein
Alexandria N. Rowen
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone:  (716) 856-4000

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ........................................................................................1

FACTS .............................................................................................................................1

ARGUMENT ...................................................................................................................2

I.           PLAINTIFF HAS NOT RESPONDED TO THE INSTANT MOTION, AND THE MOTION IS FULLY SUBMITTED.......................................................2

II.         TO THE EXTENT PLAINTIFF REQUESTED AN ENLARGEMENT OF TIME TO RESPOND, SUCH REQUEST SHOULD BE DENIED.........................................................................................................2

        A.      Plaintiff Has Not Properly Filed a Request For Extension of Time ........................2

        B.      Even if Plaintiff Properly Requested an Enlargement of Time, Plaintiff is Not Entitled to the Relief he Seeks .......................................................3

CONCLUSION.................................................................................................................5

# <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

**Federal Cases**

*Doroz v. TECT Utica Corp.*,
    2013 WL 5786641 (N.D.N.Y. Oct. 28, 2013) ...........................................................3

*Garraway v. Smith*,
    2020 WL 8910842 (W.D.N.Y. Apr. 2, 2020) ...........................................................3

*Kapner v. Riverside Wine & Liquor, Inc.*,
    2011 WL 5154608 (W.D.N.Y. Oct. 28, 2011) ...........................................................3

*Thyroff v. Nationwide Mut. Ins. Co.*,
    2004 WL 1529246 (W.D.N.Y. July 1, 2004)...........................................................4

**Federal Statutes**

Fed. R. Civ. P. 6 (b)(1)(B) ...........................................................3

Fed. R. Civ. P. 7.1 ...........................................................1

**Regulations**

WDNY General Order # 157 ...........................................................1

## PRELIMINARY STATEMENT

Defendants Clover Communities Fund IV, L.P. and Clover Communities Fund V, L.P. (collectively "Defendants") submit this Reply Memorandum of Law in further support of their Motion to File Under Seal their FRCP 7.1 & WDNY General Order # 157 Disclosure Statements, dated September 6, 2023 (the "GO 157 Statements"). Because the Plaintiff submitted no timely opposition, and instead improperly submitted a request for an extension of time to which he is not entitled, the Court should deem this motion unopposed.

This relief is necessary to protect Defendants' limited partners  — who are non-parties to this action and had no involvement in the conduct alleged in the Complaint — from harassment and other forms of unwarranted annoyance, embarrassment, and oppression, given Plaintiff's counsel Nathanial D. McMurray's demonstrated pattern of disseminating unfounded and inflammatory accusations against both parties and non-parties through extra-judicial means, such as social media, in connection with both this and other legal actions.

## FACTS

The relevant facts are stated in the accompanying Declaration of Alexandria Rowen, Esq. ("Rowen Dec."), and are repeated here only as necessary.

## ARGUMENT

### I.   PLAINTIFF HAS NOT RESPONDED TO THE INSTANT MOTION, AND THE MOTION IS FULLY SUBMITTED

Defendants filed the instant motion by ECF on September 6, 2023. Dkt. 40. Also on September 6, 2023, Defendants' counsel sent a copy of the filing to all counsel via email in accordance with Section 2(R) of the Court's Administrative Procedures Guide for Electronic Filing. Rowen Dec., Ex. A. On September 7, 2023, the Court's Text Order set September 12, 2023 as the due date for Plaintiff's opposition. Dkt. 41. At no time prior to September 13, 2023, did Plaintiff's counsel reach out to Defendants or the Court to request that the Scheduling Order be amended. The Court's Text Order also set September 15, 2023 as the due date for Defendants' reply in further support of their motion. Dkt. 41.

To date, Plaintiff has submitted no opposition to Defendants' motion. Accordingly, the Court should deem the motion unopposed and fully submitted, and take the motion under advisement.

### II.   TO THE EXTENT PLAINTIFF REQUESTED AN ENLARGEMENT OF TIME TO RESPOND, SUCH REQUEST SHOULD BE DENIED

#### A.   Plaintiff Has Not Properly Filed a Request For Extension of Time

At 8:25 PM EDT on September 13, 2023, the day after the deadline for Plaintiff's response to the instant motion, Plaintiff's counsel filed a letter with the Court purportedly seeking an enlargement of time to respond to the motion. Dkt. 44. Today (September 14, 2023)

at 10:15 AM EDT, the Court sent a notification to all parties that Plaintiff's letter contains a request for relief and is required to be re-filed as a motion.

Plaintiff's letter which purports to request an enlargement of time to oppose the instant motion contains a request for relief, but was not filed as a motion. Therefore, the request is a nullity and has no impact on the instant motion. As discussed above, the motion is unopposed and has been fully briefed. Further, and as discussed below, even to the extent the Court considers the improperly filed request for relief, Plaintiff is not entitled to the relief sought in the letter.

**B.    Even if Plaintiff Properly Requested an Enlargement of Time, Plaintiff is Not Entitled to the Relief he Seeks**

Even assuming Plaintiff had properly (albeit late) submitted a request for an enlargement of time to oppose the instant motion, Plaintiff is not entitled to the relief sought. As detailed below, Plaintiff's counsel misrepresents facts and presents no compelling reason that rises to the level of "excusable neglect" for purposes of the relief he seeks. Accordingly, the Court should deem the motion fully submitted, and unopposed.

Absent a showing of good cause and excusable neglect, a court must deny a request for enlargement of time that is received after a submission was due. Fed. R. Civ. P. 6 (b)(1)(B). Courts are especially reluctant to find excusable neglect based upon attorney oversight where the deadline was crystal clear. *Doroz v. TECT Utica Corp.*, 2013 WL 5786641, *3-4 (N.D.N.Y. Oct. 28, 2013) (citing *Kapner v. Riverside Wine & Liquor, Inc.*, 2011 WL 5154608, *8 (W.D.N.Y. Oct. 28, 2011)). *See also Garraway v. Smith*, 2020 WL 8910842, *2 (W.D.N.Y. Apr. 2, 2020) (applying the Second Circuit's *Pioneer test* for excusable neglect, the most

3

important factor being reason for the delay and whether it was within reasonable control of the movant, and finding that where the reasons for failure to timely file were in lawyer's control, lawyer's long list of reasons for delay were not excusable neglect); *Thyroff v. Nationwide Mut. Ins. Co.*, 2004 WL 1529246, *2 (W.D.N.Y. July 1, 2004) (holding that "[t]he Second Circuit…has noted that rarely if ever will the equities favor a party who fail[s] to follow the clear dictates of a court rule. A party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.") (internal citations omitted).

Here, the Plaintiff has not demonstrated why the Court should depart from this rule, much less good cause and excusable neglect. Plaintiff's counsel does not deny that he received Notice of Motion when it was filed by ECF on September 6, 2023. Dkt. 40. Nor does he deny receiving the Court's Text Order setting the due date for Plaintiff's opposition when it was entered on September 7, 2023. Dkt. 41. He likewise does not dispute that he received Defendant's moving papers on September 6, 2023, when defense counsel emailed the papers to him (as Defendants did for all counsel of record) in accordance with Section 2(R) of the Court's Administrative Procedures Guide for Electronic Filing (instructing counsel not to file on the docket papers submitted in support of filing under seal). Rowen Dec., Ex. A.

Rather, Plaintiff's counsel claims only vaguely that "On September 12, 2023 (yesterday), we received the party's motion in our office in New York" – whatever that may mean, given that he does not deny that the papers were in fact emailed to him on September 6, 2023. He then waited until 12:37 PM EDT on the next day (September 13, 2023) – after the due date had passed – to leave a voicemail for Defendants' counsel. The voicemail requested a return call with no mention of the motion. Rowen Dec., Ex. B. Plaintiff's attorney then sent a follow up

4

email (on September 13, 2023), which referenced "scheduling" matters, but did not reference the motion. Rowen Dec., Ex. C. He made one more call at 1:57 PM EDT on September 13th, but did not leave a voicemail. Had Defendants' counsel not received Plaintiff counsel's letter to the Court yesterday evening (September 13, 2023), Defendants' counsel would have responded to these messages today.

Finally, Plaintiff's counsel claims that he "encountered technical difficulties when attempting to open the attached file." This is misleading. Plaintiff's counsel did not even attempt to download the materials until **yesterday**. *See* Rowen Dec., Ex. D (showing recipient access). To that end, on September 7, 2023, Defendants' counsel emailed to all counsel, including Plaintiff's attorney, instructions on how to download the materials when counsel for Defendant Richard Greenspan requested assistance. Rowen Dec., Ex. E.

Counsel's inattention does not represent good cause, much less the excusable neglect necessary to justify extending a deadline which has already passed. There is simply no basis to grant counsel additional time to oppose a motion, after he ignored his obligation to respond timely to the Defendants' motion in accordance with the Court's Scheduling Order and then, only belatedly, after his time to act had expired, sought an extension.

## CONCLUSION

For these reasons, the Court should grant Defendants' Motion to File under Seal.

Dated:   September 14, 2023

**HODGSON RUSS LLP**
*Attorneys for Defendants*


By:  <u>s/ Alexandria N. Rowen</u>
   Adam W. Perry
   Joshua Feinstein
   Alexandria N. Rowen
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone:  (716) 856-4000
*aperry@hodgsonruss.com*
*jfeinste@hodgsonruss.com*
*arowen@hodgsonruss.com*

6