UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER C. RIZZO,

                      Plaintiff,

    v.                                                            Index No.:  1:23-cv-00406

CLOVER GROUP, INC.,
CLOVER MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT, INC.,
CLOVER CONSTRUCTION MANAGEMENT WEST
CORP.,
THE CARLYLE GROUP,
CARLYLE CLOVER PARTNERS, L.P.,
CARLYLE CLOVER PARTNERS 2, L.P.,
WELLTOWER, INC.,
WELL IBIS PORTFOLIO MEMBER, LLC,
WELLCLOVER VENUTRES, LLC,
WELLCLOVER HOLDINGS, LLC,
CLOVER COMMUNITIES FUND I, L.P.,
CLOVER COMMUNITIES FUND II, L.P.,
CLOVER COMMUNITIES FUND III, L.P.,
CLOVER COMMUNITIES FUND IV, L.P.,
CLOVER COMMUNITIES FUND V, L.P.,
CLOVER COMMUNITIES FUND V, LLC,
MICHAEL L. JOSEPH,
ALLISON H. JOSEPH PENDLETON,
RICHARD A. GREENSPAN,
ROBERT D. JACK, and
EMILY BRADY,

                      Defendants.
_____

# **AMENDED ANSWER**

        Defendants Clover Communities Fund I, L.P., Clover Communities Fund II, L.P., and Clover Communities Fund III, L.P. (collectively "Defendants") through their attorneys, Hodgson Russ LLP, for their Answer to the Plaintiff's Complaint, state:

1. As to the allegations contained in paragraph 1, state that it contains only a statement as to the alleged nature of plaintiffs' action to which no answer is required. To the extent an answer is required, deny the allegations contained in this paragraph.

2. Deny the allegations contained in paragraph 2.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3..

4. Deny the allegations contained in paragraph 4.

5. Deny the allegations contained in paragraph 5, but admit that Clover Management Inc.'s principal office is located at 348 Harris Hill Road, Buffalo, New York 14221.

6. Deny the allegations contained in paragraph 6, but admit that Clover Construction Management, Inc. is a domestic business corporation organized and existing under the laws of the State of New York with headquarters at 348 Harris Hill Road, Buffalo, New York 14221.

7. Deny the allegations contained in paragraph 7, but admit that Clover Construction Management West Corp. is a foreign business corporation with a principal office located at 348 Harris Hill Road, Buffalo, New York 14221.

8. Deny the allegations contained in paragraph 8, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding The Carlyle Group's organization, headquarters, or ownership of other entities.

9. Deny the allegations contained in paragraph 9, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners, L.P.'s organization or headquarters.

10. Deny the allegations contained in paragraph 10, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Carlyle Clover Partners 2, L.P.'s organization or headquarters.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12, but deny having knowledge or information sufficient to form a belief as to the truth of whether Well Ibis Portfolio Member, LLC, is an owner of Defendant WellClover Ventures, LLC.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding WellClover Holdings, LLC's organization or headquarters.

15. Deny the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18, but admit that Clover Communities Fund IV, L.P. is a limited partnership organized and existing under the laws of the state of Delaware.

19. Deny the allegations contained in paragraph 19, but admit that Clover Communities Fund V, L.P. is a limited partnership organized and existing under the laws of the state of Delaware.

20. Deny the allegations contained in paragraph 20, but admit that Clover Communities Fund V, LLC is a limited liability company organized and existing under the laws of the state of Delaware.

21. Deny the allegations contained in paragraph 21, but admit Michael Joseph resides in West Palm Beach, Florida.

22. Deny the allegations contained in paragraph 22, but admit Allison Joseph Pendleton resides in Buffalo, New York.

23. Deny the allegations contained in paragraph 23, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Richard Greenspan's residence.

24. Deny the allegations contained in paragraph 24, but admit Robert Jack resides in Renfrew, Pennsylvania and was Plaintiff's direct supervisor.

25. Deny the allegations contained in paragraph 25, but admit Emily Brady resides in Buffalo, New York.

26. With respect to the allegations contained in paragraph 26, state that it contains legal conclusions to which no answer is required; but to the extent an answer is required, deny such allegations.

27. With respect to the allegations contained in paragraph 27, state that it contains legal conclusions to which no answer is required; but to the extent an answer is required, deny having knowledge or information sufficient to form a belief as to the truth of whether all Defendants have and continue to conduct business in the Western District of New York.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41, but deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge.

42. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81. Deny the allegations contained in paragraph 81.

82. Deny the allegations contained in paragraph 82.

83. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86. Upon information and belief, paragraph 86 is inapplicable and requires no response, but in the event a response is deemed required, deny the allegations contained therein.

   a. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(a).

    b. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(b).

    c. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(c).

    d. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(d).

    e. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(e).

    f. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(f).

    g. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(g).

    h. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(h).

    i. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86(i).

## **FIRST CLAIM FOR RELIEF**
**Retaliation in Violation of the Fair Housing Act**

87. With regard to paragraph 87, repeat their prior responses to paragraphs 1 through 86 with the same force and effect as if herein set forth in full.

88. Deny the allegations contained in paragraph 88.

89. Deny the allegations contained in paragraph 89.

90. Deny the allegations contained in paragraph 90.

91. Deny the allegations contained in paragraph 91.

92. Deny the allegations contained in paragraph 92.

93. Deny the allegations contained in paragraph 93.

94. Deny the allegations contained in paragraph 94.

95. Deny the allegations contained in paragraph 95.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of the New York Human Rights Law

96. With regard to paragraph 96, repeat their prior responses to paragraphs 1 through 95 with the same force and effect as if herein set forth in full.

97. Deny the allegations contained in paragraph 97.

98. Deny the allegations contained in paragraph 98.

99. Deny the allegations contained in paragraph 99.

100. Deny the allegations contained in paragraph 100.

101. Deny the allegations contained in paragraph 101.

102. Deny the allegations contained in paragraph 102.

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.

## THIRD CLAIM FOR RELIEF
### Discrimination

105. Deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

## REQUEST FOR ATTORNEY AND EXPERT FEES AND COSTS

109. With respect to the allegations contained in paragraph 109, state that it contains legal conclusions to which no answer is required; but to the extent an answer is required, deny such allegations.

## DEMAND FOR TRIAL BY JURY

110. With respect to the allegations contained in paragraph 110, state that it contains legal conclusions to which no answer is required; but to the extent an answer is required, deny such allegations.

## DENIAL

111. Defendants deny any allegations not specifically admitted, denied, or controverted herein.

## DEFENSES

112. By asserting a defense, Defendants are not assuming any evidentiary burden of proof or production that they would otherwise not have. Defendants reserve the right to assert further defenses as additional facts become known through the course of litigation.

## FIRST DEFENSE

113. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

114. At all pertinent times, Defendants acted in compliance with all applicable laws, regulations, and statutes.

**THIRD DEFENSE**

115. Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

116. Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

**FIFTH DEFENSE**

117. Plaintiff's claims for relief are barred because Plaintiff is not an employee of Defendants.

**SIXTH DEFENSE**

118. Plaintiff is precluded from recovering against Defendants because his Complaint is based on errors of fact and/or law.

**SEVENTH DEFENSE**

119. If Plaintiff is able to demonstrate that he has been damaged, such damages are the result of actions or omissions of persons or entities other than Defendants for whom and for which Defendants are not responsible.

**EIGHTH DEFENSE**

120. Any action taken toward the plaintiff was taken in good faith and without malice in keeping with Defendants' supervisory authority over the Plaintiff.

**NINTH DEFENSE**

121. Any action taken towards the Plaintiff was taken for legitimate non-discriminatory and non-retaliatory business reasons, and was in proper exercise of management discretion and judgment.

**TENTH DEFENSE**

122. Defendants do not condone or approve of unlawful discrimination, harassment, or retaliation and did not ratify any acts of unlawful discrimination, harassment, or retaliation.

**ELEVENTH DEFENSE**

123. Plaintiff's damages, if any, were caused by his own failure to take reasonable actions to avoid or mitigate his alleged damages.

**TWELFTH DEFENSE**

124. Plaintiff lacks standing, among other reasons, because he alleges no harm that is individual or particular to him.

**THIRTEENTH DEFENSE**

125. Plaintiff's claims present no justiciable claim, among other reasons, because any alleged injuries to the Plaintiff are speculative and remote.

**FOURTEENTH DEFENSE**

126. Defendants did not ratify, condone, or approve of any unlawful acts alleged in the Complaint.

**FIFTEENTH DEFENSE**

127. Any unconstitutional policy, practice, or custom alleged in the Complaint is not attributable to Defendants or any other policymaker bearing final authority.

**SIXTEENTH DEFENSE**

128. The Court lacks personal jurisdiction over Defendants.

**SEVENTEENTH DEFENSE**

129. Plaintiff's claims are barred by his failure to obtain personal jurisdiction based on insufficient and/or improper service of process on Defendants.

**EIGHTEENTH DEFENSE**

130. The Court lacks subject matter jurisdiction over Plaintiff's claims.

**NINETEENTH DEFENSE**

131. Venue is not proper in United States District Court, Western District of New York.

**TWENTIETH DEFENSE**

132. The Complaint fails to name indispensable or necessary parties.

**TWENTY-FIRST DEFENSE**

133. Defendants are not proper parties to this action.

**TWENTY-SECOND DEFENSE**

134. After Plaintiff's termination, Defendant learned that Plaintiff had engaged in misconduct during his employment that would have resulted in his discharge. Accordingly, Plaintiff's claims are barred, in part, by reason of the after-acquired evidence doctrine.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing the Complaint, with prejudice, and an award of all appropriate fees and costs to Defendants, together with such other and further relief as the Court deems just and proper.

Dated:      Buffalo, New York
               December 4, 2023

                                  **HODGSON RUSS** LLP
                                  *Attorneys for Defendants*

                                  By: s/ Alexandria N. Rowen
                                        Adam W. Perry
                                        Joshua I. Feinstein
                                        Alexandria N. Rowen
                                  The Guaranty Building
                                  140 Pearl Street
                                  Suite 100
                                  Buffalo, New York 14202-4040
                                  Telephone: 716.848.1422

TO:    **ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS**
        *Attorneys for Plaintiff*
        Nathan D. McMurray, Esq.
        225 Broadway, Suite 225
        New York, New York 10007
        (212) 285-1400